Per Curiam.
 

 [¶ 1] The Court has before it the findings of fact, conclusions of law, and recommendations of a hearing panel of the Disciplinary Board recommending Marla Louise Bruhn be suspended from the practice of law in North Dakota for 60 days with a one-year probation following her suspension, she work with the Lawyer Assistance Program, she complete six hours of continuing legal education classes focused on diligence and client communication, and she pay the costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. We
 
 *847
 
 accept the hearing panel's findings, conclusions, and recommendations.
 

 [¶ 2] Bruhn was admitted to practice law in North Dakota on February 13, 2015, and she is currently licensed to practice law. She is also licensed to practice in Florida.
 

 [¶ 3] A petition for discipline was served on Bruhn. On March 8, 2018, Disciplinary Counsel filed a motion for default. Bruhn failed to answer the petition, and she is in default. The charges in the petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).
 

 [¶ 4] Bruhn maintained a law practice in Dickinson with John D. Bruhn. The Bruhns would frequently appear on behalf of each other without informing the client or obtaining the client's consent. The Bruhns were also often co-counsel representing clients. Related to these disciplinary matters, Bruhn represented 7 clients in criminal matters and 1 client in a juvenile matter.
 

 [¶ 5] Bruhn failed to adequately communicate with her clients and provided some with inaccurate information. She failed to notify clients of hearings, failed to appear for hearings, and failed to adequately prepare. She made false statements to the district court. She or John Bruhn were late for hearings.
 

 [¶ 6] The hearing panel concluded Bruhn's conduct violated N.D.R. Prof. Conduct 1.1, Competence, by failing to represent her clients with the legal knowledge, skill, and thoroughness and preparation reasonably necessary to competently represent the client; N.D.R. Prof. Conduct 1.2(a) ; Scope of Representation and Allocation of Authority Between Client and Lawyer, by failing to abide by her client's decisions concerning the objectives of representation and as required by Rule 1.4, consult with the client about the means by which they are to be pursued, by taking action beyond any implied authorization that she may have had, and by failing to abide by a client's decision regarding pleas or whether to proceed to trial; N.D.R. Prof. Conduct 1.3, Diligence, by failing to act with reasonable diligence and promptness in representing her clients; N.D.R. Prof. Conduct 1.4, Communication, by failing to promptly inform the client of any decision or circumstance with respect to which the client's consent is required, by failing to reasonably consult with the client about the means by which the client's objectives are to be accomplished, by failing to make reasonable efforts to keep the client reasonably informed about the status of a matter, by failing to promptly comply with the client's reasonable requests for information, and by failing to explain matters to the extent reasonably necessary to permit clients to make informed decisions regarding their representation; and N.D.R. Prof. Conduct 3.3, Candor Toward the Tribunal, by knowingly making false statements of fact or law to the tribunal.
 

 [¶ 7] When considering an appropriate sanction, the hearing panel considered the aggravating factors under by N.D. Stds. Imposing Lawyer Sanctions 9.22 of a pattern of misconduct and multiple offenses. The hearing panel concluded Bruhn's conduct falls within the guidance provided by N.D. Stds. Imposing Lawyer Sanctions 4.42, 4.53, 4.63, and 6.12. Due to the aggravating factors, the hearing panel concluded 60 day-suspension followed by a one-year probation is an appropriate sanction. It also recommended Bruhn pay the costs and expenses of these disciplinary proceedings in the amount of $250.
 

 [¶ 8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the hearing panel's findings of fact, conclusions of law and
 
 *848
 
 recommendations were due within 20 days of the service of the report of the hearing panel. No objections were received. We considered the matter, and
 

 [¶ 9]
 
 ORDERED
 
 , that the findings and recommendation for discipline are accepted.
 

 [¶ 10]
 
 IT IS FURTHER ORDERED
 
 , that Marla Louise Bruhn is suspended from the practice of law for 60 days with one-year of probation following her suspension, effective August 15, 2018.
 

 [¶ 11]
 
 IT IS FURTHER ORDERED
 
 , that Bruhn work with the Lawyer Assistance Program on law office management.
 

 [¶ 12]
 
 IT IS FURTHER ORDERED
 
 , that Bruhn complete six hours of continuing legal education classes focused on the issues of diligence and client communication.
 

 [¶ 13]
 
 IT IS FURTHER ORDERED
 
 , that Bruhn must pay the costs and expenses of these disciplinary proceedings in the amount of $250 within 30 days of entry of the judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505-0530.
 

 [¶ 14]
 
 IT IS FURTHER ORDERED
 
 , that Bruhn must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.
 

 [¶ 15]
 
 IT IS FURTHER ORDERED
 
 , that reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).
 

 [¶ 16] Gerald W. VandeWalle, C.J.
 

 Jerod E. Tufte
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Daniel J. Crothers